The opinion of the Court was now delivered by
Smith, C. J.
The question, on these facts, for the opinion of the Court, is whether the action is maintainable. Independent of the judgment against Bigsby for the same cause of action, the defend *279 ant is liable. The question is whether that recovery is a bar. In actions founded on contract, where several persons are bound to do the same thing, to pay the same debt or perform the same duty, full satisfaction by one is a complete discharge to all. The creditor is entitled to but one satisfaction from all the contractors, whether their engagement was joint, or joint and several. A release to one is a release to all. 3 Burr. 1345 ; 2 Show. 441, 449.
So, if several persons jointly commit a tort, — as it is but one injury, though committed by several persons, — the injured party shall have but one satisfaction From them all. A release to one is a discharge to all. It seems formerly to have been questioned whether judgment and satisfaction by one joint trespasser was a good plea in bar to an action for the same trespass, brought against another. Cro. Eliz. 30. But the law is now well settled that it is a bar. 6 G. Bacon, 612; Esp. 319 ; Co. Litt. 232 a; 5 T. R. 649; Cro. Jac. 73, 338.
But in contracts which are joint, and not several, the plaintiff must sue all; i. e., all joint contractors must be made defendants, otherwise the defendant may, by pleading the non-joinder, abate the writ. 1 Wins. Saund. 291 h, n. 4. If the contract be several as well as joint, the creditor has his election to sue all in a joint action, or to have a several action against each. But he cannot treat the same contract as both joint and several at the same time. He cannot sue all and one or two out of three joint contractors. 1 Chitty, PL 30. If he do, they may plead, in abatement, that the third is not named defendant; with them. If they do not plead it in abatement, he cannot afterwards sue the third; because, by suing two, he proceeded upon the contract as a joint one, and there can be but one action on a joint contract. 1 Wms. Saund. 291 e, n. (a) , [1]
*280 If several persons, — for example, four, —■ jointly commit a tort, or do a joint injury, the plaintiff has his election to sue all, or any number, of the parties ; because a tort is, in its nature, the separate act of each individual. He may sue one, two, three, or all. Those sued cannot plead that others are omitted ; because each is liable for the whole, and the plaintiff may consider it as the sole act of all, one, or more, of the actors. The law will not favor one jointly concerned in a wrong done as it does one jointly contracting. In the latter case, the one sued may have the benefit of the other joint contractors in the defence, if he please. But, in the former case, any one or more of the wrong-doers shall be compelled to answer for the whole. The law will not allow him to say that he did the injury jointly with others ; and he is not allowed to have contribution, as joint contractots may. Selw. N. P.67; 8 T. R. 186.
But the injured party can have but one action. He cannot afterwards, in another suit, charge the same act or injury to another. A recovery against one is a bar to an action against another for the same cause. The remedy for torts is joint, and not several. It is single, and not double. 1 Wms. Saund. 291 a, n.; 5 T. R. 649; Esp. 317 ; 6 G. Bacon, 589 ; 3 Burr. 1353 ; Com. Dig. Action, K. 4 ; Cro. Jac. 73; Moore, 762 ;■ Kyd, 112; 3 Mod. 86 ; Co. Lift. 232, and n. 1. (a) (1 Tidd, 556, seems contra.) If the law were otherwise,
where an injury was committed by twenty persons, the injured party might maintain twenty actions for the same cause, in order that he might multiply his chances for large damages. This would be granting him a favor at the expense of the public, who must suffer the inconvenience, trouble, and' expense of twenty trials for one and the same injury. The defendants could not prevent this excess of litigation by tender *281 of damages, as they generally may in the case of several suits for one debt. There could be no tender till judgment; and the plaintiff may not take judgment in one till he lias obtained verdicts in all, and then take judgment on the verdict for the highest damages, and costs in all the suits.
One reason given for the difference between actions arising ex delicto, where each is answerable for the whole, and actions on joint and several contracts, where each is answerable for the whole, is that, in the latter case, the debt or duty is supposed to be certain. Each binds himself that lie will pay the creditor a certain sum, or perform a certain duty. But damages for a tort are altogether uncertain till reduced to a certainty by a judgment. In this case, the judgment changes the nature of the demand, and the law will not suffer a certainty to be given up for an uncertainty. Com. Dig. Action, K. 4; 2 Show. 441, 491. There is also another reason why the same cause of action should not be the subject of several trials; namely, that different verdicts may be given, which would bring scandal on the law, which delights in certainty and Uniformity.
If these principles are correct, they are decisive against the present action ; whether we consider it as arising ex contractu, which is the shape it takes in the declaration ; or ex maleficio, which is the case stated. These four persons jointly extorted from the intestate $11, or they jointly received that sum to his use; for, as they all assisted in compelling payment, they may be all said to receive the money. An action has been commenced on this contract, or for this injury, and a recovery had. (a) If considered as a tort, the plaintiff has made his election in suing Bigsby, and cannot sue the others for the same cause. He might have sued all or any number of the parties. But now, his uncertain demand is reduced to a certainty; his cause of action lias passed in rem judicatam ; and he shall not any more vex courts of law with redressing this injury done to William Henry.
We come to the same conclusion, if we consider this action *282 as founded on contract. It was a joint, not a several, contract. The plaintiff shall, not now be heard to say that Reed alone was answerable; that it was his several contract. There can be but one judgment on a joint contract. That judgment has been given. If it had been against the plaintiff, he shall never agitate the merits again. If in his favor, he has all the law allows him. By omitting to sue Reed, he discharged him. It would be otherwise, if Reed were severally as well as jointly liable. The pendency of an action against one of several jointly liable may be pleaded in abatement by another, when sued afterwards. This is the case in tort. 6 G. Bacon, 589; 1 Campb. 60, 61.
This action being brought at Bigsby’s request, and for his benefit, makes no difference. It does not give Holden a right to sue, if he had no such right independent of that circumstance ; nor shall it prejudice the defendant.

Judgment for defendant on nonsuit.

[1]

 Joint contract; several defendants liable; one omitted. He cannot afterwards be sued; he is discharged. Cro. Jac. 73, 74; Com. Dig. Action, K. 4; 1 Chitty, PI. 30.

 As to the above statements, relative to remedies upon joint and several contraéis, see 1 Chitty, Pi. 50; Freeman on Judgments, § 235; citing authorities pro and con.
There are marks oil the manuscript, from which it might possibly be *280 inferred that the writer intended to erase the words “ all and.” In the first draft of this opinion (found in Judge Smith’s files) the sentence reads, “He cannot sue two out of three joint contractors.”

 Where several are concerned in a tort, the recovery against one will be a bar (generally) to an action against the others. 1 Chitty, PI. 76, 77; Cro. Jac. 74; Com. Dig. Action, K. 4; 2 B. & P. 70, 71; 1 [Wms.?] Saund. 207 a; Bull. N. P. 20.

 In the case of tort, it is not necessary that execution should have been issued in the first action. 6 G. Bacon, 613.

 I. A judgment against one of two joint contractors, although unsatisfied, is a bar to an action against the other. King v. Hoare, 1844, 13 M. & W. 494; 2 Kent, Com. 389 a. The contrary decision of the Supreme Court of the United States in Sheehy v. Mandeville, 1810, 6 Cranch, 253, would not now be followed in that court. See Field, J., in Mason v. Eldred, 1867, 6 Wall. 231, 236-238.
For an exception to the general rule, see Olcott v. Little, 1838, 9 N. H. 259.
II. In England, it is now settled that a judgment against one of two joint wrong-doers, although unsatisfied, is a bar to an action against the other for the same cause. Brinsmead v. Harrison, 1872, L. R. 7 C. P. 547; affirming L. R. 6 C. P. 584.
The weight of American authority is the other way. Lovejoy v. Murray, 1865, 3 Wall. 1 (and cases there cited); Elliott v. Hayden, 1870, 104 Mass. 180; Knight v. Nelson, 1875, 117 Mass. 458.
In 7 Alb. Law Jour. 81 (Feb. 8, 1873), the English and American cases are reviewed, and the decision in Brinsmead v. Harrison approved.